**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Billy Lee Lisenby, Jr.,                        Appellant,

v.

South Carolina Department of
Corrections,                        Respondent.

———————

Appeal From the Administrative Law Court
Ralph K. Anderson, III, Administrative Law Court Judge

———————

Unpublished Opinion No. 2012-UP-411
Submitted June 1, 2012 – Filed July 11, 2012

———————

**AFFIRMED**

———————

Billy Lee Lisenby, Jr., pro se.

Christopher D. Florian, of Columbia, for Respondent.

**PER CURIAM:** Billy Lee Lisenby, Jr., appeals the Administrative Law Court's (ALC) order dismissing his inmate grievance arising out of his

conviction of assault and battery of a South Carolina Department of Corrections (the Department) employee with intent to injure. Lisenby argues the ALC erred in finding (1) the record contained substantial evidence of bodily harm to support his conviction; (2) he was not denied the right to present witnesses; and (3) he was properly sentenced. We affirm.[1]

1.      We hold the record contains substantial evidence of bodily harm to support Lisenby's conviction of assault and battery of an employee of the Department employee with intent to injure. When reviewing an appeal from the ALC, an appellate court must not substitute its own judgment for that of the ALC on questions of fact when those facts are supported by substantial evidence. Al-Shabazz v. State, 338 S.C. 354, 380, 527 S.E.2d 742, 756 (2000). "Substantial evidence is relevant evidence that, considering the record as a whole, a reasonable mind would accept to support an administrative agency's action." Id. Such evidence exists when a court would refuse to direct a verdict because the evidence presented would raise a question of fact for the jury. Id. Here, the record indicates the officer Lisenby assaulted missed work from March 30, 2009, until May 15, 2009. Additionally, the incident report provided the incident resulting in Lisenby's charge took place on March 30, 2009. Based on this evidence, the record contains substantial evidence tending to show Lisenby's attack caused the officer bodily harm.

2.      We hold the ALC correctly found Lisenby's right to due process was not violated. Due process in a prison disciplinary proceeding involving serious misconduct requires, in part, that the inmate should be allowed to call witnesses and present documentary evidence. Al-Shabazz, 338 S.C. at 371, 527 S.E.2d at 751. Contrary to Lisenby's contention, the record reveals he was provided the opportunity to present witnesses at his hearing before the Department. The record further indicates he did not have any witnesses testify on his behalf, not because he was never provided an opportunity to present witnesses, but because the witnesses did not respond to his requests to testify. Accordingly, we hold Lisenby's right to due process was not violated.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.	Because Lisenby never argued any issue concerning his sentencing to the ALC, it is not preserved for our review.  <u>See</u> <u>Al-Shabazz</u>, 338 S.C. at 379, 527 S.E.2d at 755 (noting issues or arguments not raised to and ruled upon by the ALC are not properly preserved for further appellate review).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**